**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**JEFFREY C. BOWENS** | **CRIMINAL ACTION**<br><br>**Case No. 02-796** |

# MEMORANDUM

**COSTELLO, J.** **November 12, 2026**

Defendant Jeffrey C. Bowens moves to expunge all judicial and law enforcement records relating to his conviction of a federal misdemeanor. *See generally* Def.'s Mot. to Expunge (ECF No. 20). For the reasons discussed below, the Court will deny Defendant's motion.

## I. BACKGROUND

On February 26, 2003, Defendant entered a guilty plea to one count of misappropriation of postal funds, in violation of 18 U.S.C. § 1711. He was sentenced to two years of probation and ordered to perform five hours of community service as well as pay $1044.18 in restitution.

Twenty-three years later, on June 17, 2026, Defendant filed this *pro se* motion to expunge all records of the criminal proceedings against him. ECF No. 20. In support of the motion, Defendant points to "the minor nature of the offense; the age of conviction; Defendant's rehabilitation; . . . compliance with all court orders; and the absence of any public safety concerns." *Id.* ¶7. Defendant further avers that "[t]he continued existence of the conviction record has caused substantial hardship, including . . . difficulties obtaining employment, professional licensing, [and] educational opportunities." *Id.* ¶6. Defendant requests that this Court order the expungement of all records relating to his conviction and direct all appropriate

agencies and repositories to remove or seal records in their custody associated with the conviction. *Id.* ¶¶ A-C.

The Government opposes the motion, arguing, among other things, that this Court lacks jurisdiction to grant Defendant's requested relief. *See generally* Resp. in Opp'n to Mot. for Expungement (ECF No. 28). The Court agrees with the Government.

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Where there is no grant of authority by the Constitution or Congress, a district court may not act under any supposed "inherent power." *See id.* Here, there is no statute or Constitutional provision that permits the Court to grant the relief Defendant seeks. *See United States v. Dunegan*, 251 F.3d 477, 480 (3d Cir. 2001).

A district court has "ancillary jurisdiction" to expunge criminal records only "where the petitioner challenges the legality of the underlying criminal proceeding." *United States v. Bond*, No. 07-528, 2015 WL 115344, at *3 (E.D. Pa. Jan 6, 2015) (citing *United States v. Rowlands*, 451 F.3d 173, 178 (3d Cir. 2006)). That is not the case here. Defendant admitted his guilt and served his sentence. He has never challenged the legality of the criminal proceedings against him. The Court therefore lacks jurisdiction to grant his request.

An appropriate Order follows.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge